IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGEL JOY MATTSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,

    Defendant.

_____

Civ. No. 6:11-cv-241-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff filed this petition (#25) for attorney fees in the amount of $13,597.57 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Defendant, in response (#30), moves this Court to deny the petition, arguing that the Commissioner was substantially justified in denying plaintiff social security insurance (SSI) benefits under the Social Security Act, 42 U.S.C. § 401–434. For the reasons set forth below, plaintiff's petition (#25) is GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

    Plaintiff applied for SSI benefits on January 9, 2006, tr. 83–86, alleging a date of disability onset of December 31, 2000, tr. 28–29. These claims were denied initially on January 19, 2006, tr. 83–84, and again upon reconsideration on March 14, 2007, tr. 105–07. Plaintiff timely requested a hearing before an administrative law judge (ALJ), and appeared before the Honorable Richard A. Say on July 15, 2009. Tr. 25–51. ALJ Say denied plaintiff's claim by written decision dated August 17, 2009. Tr. 13–24. Plaintiff's subsequent review from the

1 – OPINION AND ORDER

Appeals Council was denied, thus rendering the ALJ's decision final. Tr. 1–3. On January 10, 2012, the Honorable Michael R. Hogan affirmed the Commissioner's denial and dismissed plaintiff's action. Order, ECF No. 20. On August 8, 2013, the Ninth Circuit reversed and remanded for an award of benefits. USCA Memorandum/Opinion for the 9th Circuit, ECF No. 24. Plaintiff now seeks attorney fees.

Plaintiff, born on January 11, 1957, completed high school. Tr. 22. Plaintiff was forty-eight at the time of filing. Tr. 22. Plaintiff alleges disability beginning December 31, 2000, tr. 28–29, due to asthma, headaches, Dupuytren's contracture, learning and concentration difficulties, and a slipped disc in her neck and back. Pl.'s Br. 3, ECF No. 18 (citations omitted).

## STANDARD OF REVIEW

Under the EAJA, this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). "It is the government's burden to show that its position was substantially justified." *Meier*, 727 F.3d at 870 (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.3d at 870 (quoting *Underwood*, 487 U.S. at 565).

## DISCUSSION

The EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. First, this Court must ascertain whether plaintiff is a prevailing party. *See, e.g.*,

2 – OPINION AND ORDER

*Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Second, this Court must determine whether the government was substantially justified in its position in the underlying agency action and litigation. *Meier*, at 870. Because neither party contests that plaintiff is a prevailing party, plaintiff's entitlement to attorney fees hinges on whether the Commissioner was substantially justified in (1) its position in the underlying agency conduct and (2) in its litigation position.

## I. Underlying Agency Conduct

The parties dispute whether the ALJ's decision was substantially justified.[1] In its memorandum disposition, the Ninth Circuit held that ALJ Say "failed to provide adequate reasons for rejecting the treating physician's [Dr. Margoles] opinion." USCA Memorandum/Opinion for the 9th Circuit 3, ECF No. 24. Specifically, the Ninth Circuit found that ALJ Say's "reference to a small number of treatment notes is not a specific and legitimate reason, supported by substantial evidence, for discounting Dr. Margoles's opinion." *Id*. As a result, the Ninth Circuit remanded for an award of benefits. *Id*.

In response to plaintiff's request for attorney's fees, the government argues that ALJ Say provided sufficient reasons for discounting the opinion of Dr. Margoles. Def.'s Resp. to Pl.'s Appl. Att'y Fees 7, ECF No. 30. In particular, the government argues that ALJ Say reasonably relied on a "small number of treatment notes."[2] *Id*. at 8–11. The government raised essentially the same argument in its Appellant Brief. *See* Def.'s Resp. to Pl.'s Appl. Att'y Fees 31–36, ECF No. 30-3. The Ninth Circuit, however, rejected this argument because the ALJ did not provide

---

[1] In the social security context, the Ninth Circuit treats the ALJ's decision "as the action or failure to act by the agency upon which the civil action is based." *Meier*, 727 F.3d at 870 (citations omitted).

[2] The government makes three sub-arguments. First, the government argues that the Commissioner was substantially justified because it was reasonable for the ALJ's reliance on a "small number of treatment notes." Second, the government argues that a "small number of treatment notes" are consistent with other notes of record. Third, the government argues that the ALJ independently considered the x-rays cited in the Ninth Circuit opinion. *See* Def.'s Resp. to Pl.'s Appl. Att'y Fees 6–12, ECF No. 30.

3 – OPINION AND ORDER

specific and legitimate reasons supported by substantial evidence. In this Circuit, a "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Meier*, 727 F.3d at 874 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). Further, "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)) (internal quotation marks omitted). Unlike in those few "decidedly unusual cases,"[3] the government's arguments have all essentially been rejected by the Ninth Circuit. Thus, this case does not meet the "decidedly unusual case" threshold. *See, e.g.*, *Meier*, 727 F.3d at 872.

To the extent that Judge Hogan affirmed the Commissioner's decision, this Court may properly consider the government's prior success. For example, in *Underwood*, the Supreme Court found that "a string of losses can be indicative; and even more so a string of successes." 487 U.S. at 569; *see also Meier*, 727 F.3d at 873. However, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Underwood*, 487 U.S. at 569; *see also United States v. Real Prop. at 2659 Roundhill Drive, Alamo, Cal.*, 283 F.3d 1146, 1152-53 (9th Cir. 2002). Accordingly, the government has not met its burden of establishing that the ALJ's position was substantially justified.

## II. Litigation Position

---

[3] For example, in *Al-Harbi*, the Ninth Circuit found substantial justification because (1) it had not yet resolved whether Al-Harbi had participated in the persecution of others because of the procedural posture of the case and (2) it had upheld the government's central positions on appeal—"that Al-Harbi's testimony was not to be credited at all, and that he did not prove that he had been subjected to past prosecution." 284 F.3d at 1085; *see also Le v. Astrue*, 529 F.3d 1200, 1201–02 (9th Cir. 2008) (finding substantial justification where the government contested the characterization of a physician as "treating" where the regulatory standard was vague); *Lewis v. Barnhart*, 281 F.3d 1081, 1086 (9th Cir. 2002) (upholding district court's denial of attorney's fees).

4 – OPINION AND ORDER

"Because the government's underlying position was not substantially justified, [this Court] need not address whether the government's litigation position was justified. *Meier*, 727 F.3d at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008)). Moreover, even if this Court were to reach the issue, this Court would conclude that the government's litigation lacked substantial justification. *See, e.g.*, *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) (citations omitted) (internal quotation marks omitted) ("It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not."). To the extent that the government proffers a lengthy defense of the ALJ's decision, it largely reiterates arguments that the Ninth Circuit rejected on appeal. *Compare* Def.'s Resp. to Pl.'s Appl. Att'y Fees 6–12, ECF No. 30, *with* Def.'s Resp. to Pl.'s Appl. Att'y Fees 31–36, ECF No. 30-3. Given the flaws identified by the Ninth Circuit, this Court is not persuaded that the government reasonably chose to defend the ALJ's decision in this action.

### III. EAJA Award

Plaintiff's counsel filed an affidavit and an itemized statement of attorney's fees demonstrating that he worked 74 hours on this case and that the attorney's fees total $13,597.57. Pl.'s Appl. Att'y Fees 6, ECF No. 25. The government does not oppose the amount of fees requested.

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). This Court has an independent duty to review the fee request to determine its reasonableness. *See, e.g.*, *Hensley v. Eckerhart*, 461 US 424, 433 (1983). Under the EAJA, an award of attorney's fees is limited to $125.00 per hour "unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified

5 – OPINION AND ORDER

attorney's for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added); *see also Thangaraja*, 428 F.3d at 876 (citations omitted) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses."). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed. *Id*. at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

Pursuant to these cost-of-living calculations,[4] plaintiff is awarded fees at the hourly rates of $180.59 for 26 hours of work performed by counsel in 2011, $184.32 for 24.75 hours of work performed by counsel in 2012, and $186.68 for 23.25 hours of work performed by counsel in the second half of 2013, for a total award of $13,597.57 in attorney's fees.

## CONCLUSION

For these reasons, plaintiff's petition (#25) is GRANTED. Plaintiff is awarded attorney's fees in the amount of $13,597.57.

IT IS SO ORDERED.

DATED this 20th day of November, 2013.

                                              _____s/Michael J. McShane_____
                                                                     Michael J. McShane
                                                     United States District Judge

---

[4] Plaintiff's hourly rates are consistent with the "statutory maximum rates" under the EAJA. *See, e.g.*, UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Nov. 13, 2013).